**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | |
|---|---|
| In re:<br><br>MYRA DENISE BUTLER,<br><br>*Debtor* | Case No.: 24-30558 (AMN)<br>Chapter 7<br><br>Re: ECF No. 28[1] |

**MEMORANDUM OF DECISION AND ORDER**
**GRANTING *IN REM* RELIEF PURSUANT TO 11 U.S.C. § 362(d)(4)**

This matter is before the Court upon Creditor PHH Mortgage Corporation's (the "Movant's") Motion for Relief From Stay, pursuant to 11 U.S.C. § 362(d)(4). ECF No. 28 (the "Motion"). Movant seeks prospective *in rem* relief from the automatic stay for two years, with respect to real property commonly known as 1 Long Hill Terrace, New Haven, CT (the "Property"). For the reasons that follow, the Court will grant the Motion.

Background

Movant commenced a foreclosure action against Myra Denise Butler (the "Debtor") in April 2017 and received a foreclosure judgment on August 7, 2017. Connecticut Superior Court Case No. NNH-CV17-6069736-S, ECF Nos. 106.00, 106.10. The Debtor and her brother reported to the Court they inherited the Property from a parent and the foreclosure is based on the parent's reverse mortgage, which has now matured.

---

[1] A citation to a document filed on the docket of the underlying case, case number 24-30480, is noted by "ECF No." referencing the document number on the court's electronic case filing docket for the Chapter 11 case.

A citation to a document filed on the docket of any other proceeding is noted by the proceeding's case number followed by "ECF No." referencing the document number on the docket of the indicated proceeding.

The Debtor filed this Chapter 7 case on June 20, 2024. This is the Debtor's sixth bankruptcy case in the last seven years. ECF No. 5. Previously the debtor filed five Chapter 13 petitions which were each dismissed within a few months after the Debtor failed to comply with basic obligations under the Bankruptcy Code. *Id.*

Movant has been unable to complete the foreclosure sale for the Property because each of the Debtor's six cases were filed mere days before a scheduled foreclosure sale. Connecticut Superior Court Case No. NNH-CV17-6069736-S, ECF Nos. 106.10, 120.00, 137.10, 139.00, 140.00, 144.10, 156.00, 160.10, 173.00, 183.00, 188.00, 197.00, and 205.00.

A summary of the Debtor's six bankruptcy petitions and their relationship to the state court foreclosure sales is summarized by the following table.

| Bankruptcy Case No | Petition Date | Foreclosure Sale Date |
|---|---|---|
| 17-31585 | 10-18-2017 | 10-21-2017 |
| 19-30347 | 03-05-2019 | 03-09-2019 |
| 20-30276 | 02-26-2020 | 02-29-2020 |
| 22-30554 | 09-14-2022 | 09-17-2022 |
| 23-30771 | 10-12-2023 | 10-14-2022 |
| 24-30558 | 06-20-2024 | 06-22-2024 |

Applicable Law

In 2005, Congress added § 362(d)(4) to the Bankruptcy Code to provide *in rem* relief to creditors when a court determines a debtor has used the bankruptcy process as part of a scheme to delay, hinder or defraud creditors. In particular, a creditor may seek *in rem* relief:

> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either—
>
> > (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
> >
> > (B) multiple bankruptcy filings affecting such real property.
>
> If recorded in compliance with applicable State laws governing notices of interests or liens in real property, an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court, except that a debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing. Any Federal, State, or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of an order described in this subsection for indexing and recording.
> 11 U.S.C. § 362(d)(4).

Analysis

Movant argues the Debtor's repeated pattern of filing bankruptcy petitions on the eve of foreclosure is indicative of a "scheme to delay, hinder, or defraud creditors that involved … multiple bankruptcy filings affecting [the Property]," such that Movant should be afforded prospective *in rem* relief from the automatic stay to enforce its rights concerning the Property for two years, pursuant to 11 U.S.C. § 362(d)(4).

When determining if a debtor's conduct falls within the scope of § 362(d)(4) courts may consider the timing and sequence of the filings and a debtor's efforts to prosecute the pending case. *In re Richmond*, 513 B.R. 34, 38 (Bankr. E.D.N.Y. 2014). A bankruptcy court may infer an intent to hinder, delay, and defraud creditors from the fact of serial filings alone, without holding an evidentiary hearing. *In re Procel*, 467 B.R. 297, 308 (Bankr. S.D.N.Y. 2012) (*quoting In re Blair*, No. 09–76150, 2009 WL 5203738, at *4–5 (Bankr. E.D.N.Y. Dec. 21, 2009)). "By requiring that the filing of the petition must be part of a scheme to hinder, delay or defraud a creditor that involves either an unauthorized transfer of the property or multiple bankruptcy filings affecting the property, section 362(d)(4) addresses conduct that could be indicative of an abusive bankruptcy filing." 3 Collier on Bankruptcy ¶ 362.05 (16th Ed. 2024).

When "debtors have exhibited a lack of effort in their bankruptcy proceedings and have instead engaged in serial filings to thwart the efforts of secured creditors exercising their rights under state law, courts have found that these serial filings are evidence of bad faith and abuse of the bankruptcy process." *In re McKenzie*, No. 19-10130, 2019 Bankr. LEXIS 906, at *7 (Bankr. S.D.N.Y. Mar. 25, 2019)

Here, each of the Debtor's past chapter 13 cases has been dismissed within a few months, without any substantial progress towards a successful reorganization, due to a failure by the Debtor to comply with basic requirements under the Bankruptcy Code. This lack of any real effort to pursue the cases in good faith, combined with the timing of the filing of each petition, supports a conclusion the Debtor has engaged in a "scheme to delay, hinder, or defraud creditors that involved … multiple bankruptcy filings affecting [the Property]" within the meaning of 11 U.S.C. §362(d)(4). *In re Merlo, 646 B.R. 389, 396*

*(Bankr. E.D.N.Y. 2022)* (finding repeated filings on the eve of a foreclosure sale permitted an inference of an intent to hinder or delay creditors); *See also*, *In re Richmond*, 516 B.R. 229, 235 (Bankr. E.D.N.Y. 2014); *In re Montalvo*, 416 B.R. 381, 387 (Bankr. E.D.N.Y. 2009); *In re AMC Realty Corp.*, 270 B.R. 132, 141 (Bankr. S.D.N.Y. 2001); *In re Eclair Bakery Ltd.*, 255 B.R. 121, 137 (Bankr. S.D.N.Y. 2000).

Accordingly, for the reasons stated, it is hereby

**ORDERED**: The Motion (ECF No. 28) is GRANTED. An order which may be recorded upon the land records will be entered separately.

Dated this 21st day of November, 2024, at New Haven, Connecticut.



Ann M. Nevins
Chief United States Bankruptcy Judge
District of Connecticut